UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRIO SANCHEZ WILLIAMS                                        PETITIONER
ADC #168369

VS.                         5:19-CV-00253-BSM-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction                                RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I.  Background

Pending before the Court is a § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Terrio Williams ("Williams"), a prisoner in the Arkansas Department of Correction ("ADC"). *Doc. 2*. Williams claims that his trial attorney, Ron Davis ("Mr. Davis"), provided constitutionally ineffective assistance of counsel by

advising him to plead guilty to second-degree murder. *Doc. 2*. Before addressing Williams's habeas claims, the Court will review the procedural history of the case in state court.

On September 7, 2017, Williams pleaded guilty in Pulaski County Circuit Court to second-degree murder in exchange for 25 years of imprisonment in the ADC.[1] Prior to Williams's plea, the prosecutor stated the factual basis for the charge:

> [O]n October the 23rd of 2016, [Williams] and his boyfriend, Charles Johnson, had a mutual friend, Kenneth Love, who was visiting from Texas.
>
> [Williams] had become suspicious that there was a relationship that was starting between Mr. Love and his boyfriend. He left the house, snuck back in, and found them being intimate. He got out his cell phone, and he videoed what they were doing for a period of time and later confronted them in the bedroom.
>
> Before he did that, he'd gotten a golf club from his room, went out and beat up the victim's car. He came back with the golf club and confronted Mr. Love when he was in the bedroom . . . hit him with it twice. The golf club broke.
>
> The video on his phone was continuing to run. In the video you can see the head of the golf club on the floor. [Williams] says, "I'm gonna stab your ass." At which point he . . . began to stab him. Mr. Love was stabbed twice in the arm, and he was stabbed a third time in the chest with the golf club shaft going into his chest six and three quarters inches where it pierced both the upper and lower lobe of his lung. Mr. Love left the house, collapsed outside by his car in the garage where he later succumbed to his injuries.

---

[1] According to the ADC website, Williams will be eligible for parole on April 16, 2024. *See* https://apps.ark.org/inmate_info/index.php.

2

*Doc. 15-2 at 31-32*.

By entering an unconditional guilty plea, Williams waived his right to a direct appeal.

On November 20, 2017, Williams filed a four-page Rule 37 Petition in the trial court through retained counsel, Claiborne Ferguson ("Ferguson"), raising the following nine ineffective assistance of trial counsel claims:

(1) Counsel failed to take steps necessary for a reasonably complete an[d] adequate investigation for facts to support the development and proof issues to be litigated at trial.

(2) Counsel failed to consider the possibility of an affirmative defense based on extreme emotional distress due to seeing one's significant other making sexual contact with another person.

(3) Counsel did not adequately explain the implications of pleading guilty to second-degree murder under the instant facts. In fact, Petitioner was wholly unaware of the crime to which he was pleading guilty. Accordingly, Counsel failed to ensure that Petitioner was voluntarily and knowledgably pleading guilty to the charged offense.

(4) Counsel failed to adequately prepare and execute necessary pretrial motions. Specifically, Counsel failed to request additional time to review newly discovered evidence.

(5) Counsel failed to exercise due care in advising Petitioner to unlock his cell phone, which would not have otherwise been accessible by the State.

(6) Counsel failed to enlist the services of an expert witness to assist with Petitioner's development of pertinent issues.

>   (7)   Counsel failed to get a second opinion on the facts of this case, as requested by Petitioner.
>
>   (8)   Counsel failed to reasonably and effectively communicate with Petitioner during the pendency of the case.
>
>   (9)   Counsel failed to identify, and adequately brief numerous available issues before the trial court, and did not appear to argue these issues.

*Doc. 21 at 15-17*.  Ferguson provided *no additional factual support* for *any* of the claims.

On January 30, 2020, the trial court denied Rule 37 relief, without conducting an evidentiary hearing:

>   To begin, all of these allegations are conclusory at best.  Counsel for the Defendant has not . . . provided any support for any of these allegations. Conclusory allegations unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief.

*Doc. 21 at 19-20*.

After determining all of Williams's Rule 37 claims to be conclusory, the trial court still reached the merits of Williams's claim that his trial counsel did not adequately explain the implications of pleading guilty and that his guilty plea was unknowing and involuntary:

>   When a guilty plea is challenged pursuant to . . . Rule 37, the sole issue is whether the plea was intelligently and voluntarily entered. . . . The only issue raised touching [that question] is the third allegation, in which counsel asserts that the Defendant was unaware of the crime to which he was pleading and did not voluntarily and knowledgeably plead guilty to the murder.

> When the Defendant appeared on September 7, he stated on the record that he had discussed the plea with his attorney and was satisfied with his advice. . . . When asked if anyone had forced him, threatened him, or promised him anything outside of the plea agreement to get him to plead guilty, he answered "no." the Defendant told this Court on the record that he was pleading guilty to these charges because he was guilty.
>
> . . .
>
> The plea statement . . . indicates that the Defendant had discussed the case fully with his attorney, that he understood the minimum and maximum possible sentences, . . . that he was satisfied with this attorney's advice, and that his plea had not been induced by any force, threat or promise apart from a plea agreement. Defendant's allegations are without merit.

*Id.* at 20.

On June 8, 2018, Williams, again represented by Ferguson, appealed the trial court's denial of Rule 37 relief to the Arkansas Court of Appeals. In his Appellate Brief, Williams did not challenge the trial court's merits determination that his guilty plea was not voluntarily and knowingly entered, but instead raised a different claim: "he was denied effective assistance of counsel because his [trial counsel] failed to inform him that the facts of the instant case are more akin to manslaughter than second degree murder[.]" *Doc. 15-1 at 5.*

On September 26, 2018, the Arkansas Court of Appeals affirmed the trial court's denial of Rule 37 relief, concluding that Williams's argument on appeal was: (1) different than the one he raised in his Rule 37 Petition; (2) conclusory; and (3) failed to allege prejudice:

> Appellant's only ineffective-assistance claim pursued on appeal is that he did not plead guilty intelligently upon the advice of competent counsel because his counsel did not advise him that he could reasonably argue that his actions constituted manslaughter rather than second-degree murder, to which he entered a guilty plea. The State counters that appellant's argument is not preserved for appeal because it was not raised below.
>
> While appellant did argue below that counsel failed to consider the possibility of an affirmative defense based on extreme emotional distress, the argument he now raises is different. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal. *Bryant v. State*, 2013 Ark. 305, at 3, 429 S.W.3d 193, 197. Even if it had been adequately raised below, the argument lacks merit.
>
> First, appellant's allegation is conclusory, which cannot be the basis for postconviction relief. *See Mancia*, 2015 Ark. 115, at 5, 459 S.W.3d at 264. Second, appellant's claim fails because he cannot establish prejudice. In order to establish prejudice under *Strickland* and demonstrate ineffective assistance of counsel, an appellant who has pled guilty must show a reasonable probability that, but for counsel's error, he would not have so pled and instead would have chosen to go to trial. *Scott*, 2012 Ark. 159, at 3. Appellant's petition fails to do so. Because appellant does not allege that he would not have pled guilty had counsel advised him that he could reasonably argue that his actions constituted manslaughter rather than second-degree murder, he cannot demonstrate prejudice.

*Williams v. State*, 2018 Ark. App. 434, 4, 559 S.W.3d 297, 300 (2018).

On August 7, 2019, Williams filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, in which he argues his guilty plea is invalid based on the following ineffective assistance of trial counsel claims:

Claim 1   Mr. Davis failed to adequately communicate, explain the case, and discuss the plea offer to Williams, and instead, "strong-armed" him into pleading guilty.

6

    Claim 2  Mr. Davis advised Williams to plead guilty to second-degree murder when he stood "an excellent chance" of being convicted of manslaughter at trial by showing he acted under extreme emotional disturbance.

    Claim 3  Mr. Davis advised Williams to provide the prosecutors with the access code to unlock his cellphone without first reviewing its contents.

*Doc. 1 at 6, 8, and 10.*

On January 22, 2020, Respondent filed a Response, arguing that Williams's habeas claims are procedurally defaulted, were reasonably adjudicated by the State, and were waived by his guilty plea. *Doc. 15*.

On May 28, 2020, Williams filed a Reply, acknowledging that his claims are procedurally defaulted but arguing the Court may still hear the claims based on the equitable rule set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Doc. 21*.

For the following reasons, the Court recommends dismissing Williams's habeas Petition, with prejudice.

## II. Discussion

A habeas petitioner must first "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-849 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his

federal habeas claims not only in the state trial court, but also in "one complete round of the State's established appellate review process." *Murphy*, 652 F.3d at 848-849; *Grass v. Reitz*, 643 F.3d 579, 584-585 (8th Cir. 2011).

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

For this Court to consider a claim that is procedurally defaulted, the petitioner must come forward with facts sufficient to satisfy the "cause and prejudice" or "actual innocence" exceptions to procedural default. *See Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice"); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence).[2] If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice. *Murphy*, 652 F.3d at 850.

---

[2] Williams does not claim that he is actually innocent.

Although Williams and Respondent agree that all three of his ineffective assistance of counsel claims are procedurally defaulted, Williams argues the Court may nevertheless reach the merits of all of his claims based on the equitable rule set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012): "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." A "substantial claim": (1) has "some merit"; and (2) is supported by at least some facts. *Id.* at 14.

### A. Mr. Davis's Alleged Failure to Adequately Communicate, Explain the Case, and Discuss the Plea Offer

According to Williams, his guilty plea was invalid because Mr. Davis failed to adequately communicate, explain the case, and discuss the plea offer, and instead, "strong-armed" Williams into pleading guilty by telling him he had no other choice.

The trial court reached and rejected the merits of this claim in its order denying Rule 37 relief:

> When the Defendant appeared on September 7, he stated on the record that he had discussed the plea with his attorney and was satisfied with his advice. He stated that he understood that when he entered a plea of guilty, he would not be entitled to a jury trial or an appeal. When asked if anyone had forced him, threatened him, or promised him anything outside of the plea agreement to get him to plead guilty, he answered "no." The Defendant told this Court on the record that he was pleading

9

> guilty to these charges because he was guilty. There were no allegations of incompetence to stand trial.
>
> The plea statement executed and entered the day of the plea hearing indicates that the Defendant had discussed the case fully with his attorney, that he understood the minimum and maximum possible sentences, that he understood that he waived his right to a jury trial, that he was satisfied with his attorney's advices, and that his plea had not been induced by any force, threat or promise apart from a plea agreement. Defendant's allegations are without merit.

*Doc. 15-2 at 25-26*. Williams did *not* raise this claim in his Rule 37 appeal, thereby procedurally defaulting it.

Although a procedural default will not bar a federal habeas court from hearing substantial ineffective assistance of trial counsel claims that were not raised in the initial-review collateral proceeding, *Martinez* does not apply if the default occurred on appeal from the initial-review collateral proceeding. *See Martinez*, 566 U.S. at 16 (its holding does not extend to defaults that occur in "appeals from initial-review collateral proceedings"); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (*Martinez* is not applicable to excuse default of ineffective-assistance claims that were litigated in initial-review post-conviction proceedings, but not preserved in the post-conviction appeal).

Regardless, this claim is not substantial. The plea transcript confirms Williams entered a voluntary and knowing guilty plea. At the plea hearing, Williams engaged in the following colloquy with the trial judge:

10

> Court: Mr. Williams, you're charged with murder, a Class A felony. You could receive six to 30 years in the Department of Corrections and a fine of up to $15,000.00. You understand what you're charged with?
> Williams: Yes, sir.
> Court: And the possible punishment?
> Williams: Yes, sir.
> Court: You've discussed this with your attorney?
> Williams: Yes, sir.
> Court: Satisfied with his advice?
> Williams: Yes, sir.
>
> . . .
>
> Court: Has anyone forced you, or threatened you or promised you anything?
> Williams: No, sir.

Plea Hearing Trans., *Doc. 15-2 at 30-31*.

After the prosecutor stated the factual basis for the charge, the trial court's colloquy with Williams continued:

> Court: Mr. Williams, is what [the prosecutor] said [the factual basis for the charge] true?
> Williams: Yes, sir. Yes.
> Court: Pleading guilty because you are guilty?
> Williams: (Inaudible response).
> Court: You have to say it out loud, Mr. Williams.
> Williams: Yes, sir.
> Court: The plea is accepted. What's the recommendation?
> Prosecutor: Twenty-five years in the Arkansas Department of Corrections.
> Court: Jail credit?
> Mr. Davis: Two days, your Honor.
> Court: Mr. Williams, is this what you agreed to?
> Williams: Yes, sir.
> Court: Has anyone promised you any early release or good time credit in this case.

11

>   Williams:  No, sir.

*Id. at 32-33*. Williams's new, after-the-fact allegations (Mr. Davis failed to adequately communicate, explain the case, and discuss the plea offer, and then "strong-armed" him into pleading guilty) are directly refuted by Williams's own sworn testimony.[3]

Accordingly, Claim 1 is procedurally defaulted, is not a substantial claim, and should be dismissed, with prejudice.

**B.     Williams's Claim that He Could Have Been Convicted of Manslaughter Based on Extreme Emotional Disturbance**

Williams claims that Mr. Davis provided ineffective assistance in urging Williams to plead guilty to second-degree murder when he stood "an excellent chance" of being convicted of manslaughter at trial, because he acted under extreme emotional disturbance when he killed Love. Because this claim was not raised in Williams's Rule 37 Petition, the Court must decide whether it is "substantial" under *Martinez*.

To demonstrate ineffective assistance of counsel in the context of a guilty plea, Williams must show that counsel's representation fell below an objective

---

[3] "Solemn declarations in open court carry a strong presumption of verity." *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "[T]he representations of the defendant ... at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Tran v. Lockhart*, 849 F.2d 1064, 1068 (quoting *Blackledge*, 431 U.S. at 73-74).

standard of reasonableness, and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Williams pleaded guilty to second-degree murder which is defined as follows: "[t]he person knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life; or . . . [w]ith the purpose of causing serious physical injury to another person, the person causes the death of any person. Ark Code Ann. § 5-10-103.

In contrast, a person commits manslaughter if he "causes the death of another person under circumstances that would be murder, except that he . . . causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse." Ark. Code Ann. § 5-10-104.

The Arkansas Supreme Court has repeatedly held that, in order for a jury to be instructed on "extreme emotional disturbance" manslaughter, there *must* be evidence that the defendant killed the victim immediately following provocation, in the form of "physical fighting, a threat, or a brandished weapon." Mr. *Davis v. State*, 2011 Ark. 433, 4 (2011); *Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005); *Kail v. State*, 341 Ark. 89, 94, 14 S.W.3d 878, 881 (2000). In other words, "passion alone

does not reduce a homicide from murder to manslaughter." *Douglas v. State*, 2019 Ark. 57, 4, 567 S.W.3d 483, 488 (2019).

Williams does not point to a case, and the Court is aware of none, in which an Arkansas court has held that simply witnessing a romantic partner's infidelity, without more, was adequate provocation to reduce murder to "extreme emotional disturbance" manslaughter. Instead, there must be an accompanying serious provocation such as a physical fight, a threat, or brandishing a weapon.[4]

In his habeas papers, Williams claims that he was so overcome with emotion by seeing his romantic partner and Love engaging in an intimate act that he lost control and stabbed Love to death with the shaft of the golf club. However, before he began beating and stabbing Love with the golf club, Williams offers <u>nothing</u> which suggests that Love tried to fight him or threatened him in any way.

---

[4] In *Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992), the Arkansas Supreme Court concluded that an extreme emotional disturbance manslaughter instruction was warranted where the defendant shot and killed his mistress after the victim threatened to divulge their relationship to the defendant's wife *and* pointed a pistol at him.
    In *Baine v. State*, 132 Ark. 416, 200 S.W. 999 (1918), the defendant was convicted of manslaughter instead of murder after walking in on his wife having sexual intercourse with another man:
> [Defendant] testified that, when he entered the room, one Carter Roseby was there having sexual intercourse with his wife, and that he caught them *flagrante delicto*, that, upon his entrance into the room, Roseby jumped up and caught him and *commenced choking him down on a table*, and during this struggle he attempted to get his gun to shoot Roseby, and that, in the scuffle over the gun, it was discharged and his wife was killed.

*Baine v. State*, 132 Ark. 416, 200 S.W. 999, 999 (1918) (emphasis added).

To the contrary, Williams suspected infidelity, and after sneaking in the house and confirming his suspicions, he went outside and beat Love's vehicle with the golf club. There is no evidence that Love posed any threat to Williams, who was clearly the aggressor. When he returned to the bedroom, Williams struck Love with the golf club twice, causing the clubhead to break off the shaft. Williams then said, "I'm gonna stab your ass," and proceeded to jab the golf shaft over six inches into Love's chest.

The facts, as admitted by Williams, did not support a jury instruction on "extreme emotional disturbance" manslaughter. Accordingly, Williams has failed to demonstrate that Claim 2 is "substantial."

### C.   Williams's Claim that Mr. Davis Should Have Filed a Motion to Suppress His Client's Audio Recording of the Murder.

While Williams was hiding in the closet, he used his cell phone to record Love and Johnson presumably to establish proof of his partner's infidelity. At some point, Williams dropped the phone which continued recording and captured the audio of the murder. Williams argues that Mr. Davis provided ineffective assistance of counsel by advising Williams to provide the prosecution with the passcode to his cellphone without first reviewing the cell phone's contents.

A habeas challenge to a conviction obtained in a guilty plea is limited to the voluntariness of the plea and whether the defendant understands the charges and the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A defendant

15

who enters a valid and voluntary guilty plea is barred from raising pre-plea constitutional violations in a habeas corpus action. *Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973). Thus, pre-plea constitutional claims, including pre-plea ineffective assistance of counsel claims, are waived by a valid and voluntary plea in state court. *See Tollett*, 411 U.S. at 266-267; *see also Whitepipe v. Weber*, 536 F.Supp.2d 1070, 1082-1083 (D.S.D. 2007) (citing *Thundershield v. Solem*, 565 F.2d 1018, 1026-1027 (8th Cir. 1977)). A habeas petitioner "may only present [ineffective assistance of counsel] claims relating to the plea advice" that go to the voluntariness of the plea. *See Whitepipe*, 536 F.Supp.2d at 1082; *see also Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) ("after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea").

Williams argues that Mr. Davis's pre-plea ineffective assistance of counsel necessarily affected Williams's decision to plead guilty. The Court disagrees. At bottom, Williams is arguing that Mr. Davis should have done more to suppress the audio recording of Williams killing Love. Mr. Davis's alleged ineffective assistance, in failing to suppress that audio recording, is separate and apart from the plea advice that he provided to Williams.

Accordingly, Williams has failed to demonstrate that Claim 3 is "substantial."

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Williams's habeas Petition be DISMISSED, with prejudice.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 6th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE